IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

NOV 4 '24 AM 10:44
RCV'D - USDC FLO SC

| | |
|---|---|
| KATHY REAVES; <br> EMANUEL REAVES; <br> JEREMIAH REAVES, SR.; <br> STEVANA ROBERTS REAVES; <br>     Plaintiffs. <br> V. <br> TROY'S FUNERAL HOME; <br> SHAWN TROY; <br> FRANKIE D. EVANS. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## HABEAS CORPUS (JURISDICTION) PETITION

Plaintiffs for their complaint alleges the following:

## 28 USC SECTION 1654

Plaintiffs file this petition pursuant to 28 USC 1654.

## ADR/MEDIATION RULE 26 f

Plaintiffs will comply with mediation ordered by this Court.

# 28 USC 636 DENY CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Plaintiffs hereby deny consent to proceed before a magistrate judge in these proceedings.

## PARTIES

Plaintiff Kathy Reaves is the daughter of the deceased Willie Dean White Reaves.

Plaintiff Emanuel Reaves is the grandson of the deceased Willie Dean White Reaves

Plaintiff Stevana Roberts Reaves is the granddaughter of the deceased Willie Dean White Reaves

Defendant Troy Funeral Home is the funeral director who handled the arrangements for Willie Dean White Reaves.

Defendant Shawn Troy is the Funeral Director.

Defendant Frankie D. Evans is the daughter of the deceased Willie Dean White Reaves and former lover of Shawn Troy, Funeral Director. Evans is a resident of the Western District of North Carolina, Charlotte, North Carolina.

## JURISDICTION

1. This action is brought pursuant to 28 USC 1331, 28 USC 1332, 5 USC 552, and the Fourteenth Amendment to the United States Constitution.

2. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## ARTICLE III, SECTION 2, CLAUSE 1 - INJURY IN FACT

3. Plaintiffs establish an element of injury in fact pursuant to the above statute in that this matter pertains to the interference by the defendants in the probate proceeding and money stolen from the estate of the deceased in excess of $100,000 of which came from the State of North Carolina Teacher Retirement, and her insurance policies that were believed to have been used by the defendants which have been unaccounted for in the estate. Plaintiffs further state that the deceased in 2012 had a retirement account with the NC Public Schools in excess of $80,000 of which is believed to have been transferred into the personal state credit union account of Frankie D. Evans. Evidence further shows that Frankie and Shawn, former lovers, falsified the marital status of the deceased on the death certificate in conspiracy to gain control of the deceased assets without authority and jurisdiction to do so. Defendant Frankie has refused to comply with the request of probate attorneys in 2020 and 2021 to turn over and disclose the revenge she generated from turning the martial property estate of the deceased into two separate rental units between 2016 and 2020 without permission from probate court and without the permission of the plaintiffs.

4. Plaintiff's first element of standing is "an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

actual or imminent, not conjectural and hypothetical." *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).*

## VENUE

5. Venue is laid within the United States District Court for the District of South Carolina in that the defendants are located in this jurisdiction and a substantial part of the events giving rise to the claim occurred within the boundaries of the United States District for the District of South Carolina - Florence Division.

## NOTICE OF CLAIM PURSUANT TO 5 USC 552

6. Plaintiffs have attempted in 2020 to mediate with defendant Frankie Evans an her then attorney Harry Allen with Battle and Allen in Marion South Carolina, of which Frankie agreed to disclose the receipts of all money that was deposited into her personal bank account for rent received on the estate of the deceased from 2016 to 2020 of which she has refused.  Frankie has refused to comply with the requests of the SC Legal Services in an attempt to probate the estate of the deceased Willie Dean White Reaves.

## FEDERAL JURISDICTION AND THE PROBATE EXCEPTION

7. The probate exception in accordance with <u>Marshall v. Marshall</u> (2006) allows federal courts to hear cases indirectly involving a probate case of which in this claim, the defendants, two former lovers, are working in conspiracy to provide evidence of information that was submitted under 5 USC 552, stating the deceased was divorced, which is speculation. Defendants are working in conspiracy to withhold this information from the Plaintiffs, who are working with SC Legal services in Conway, SC to prepare the documents to file a probate lawsuit in the jurisdiction of Marion County. The defendants on information and belief have received monetary gain from the deceased, and have used this money for financial gain in violation of state probate laws governing decedents who have died intestate, leaving the proceeds of the estate to be handled by probate court. The defendants are interfering with the right to proceed before probate court by refusing to disclose documents requested pursuant to 5 USC 552

## PRELIMINARY STATEMENT

8. This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured under 5 USC 552 and the Fourteenth Amendment to the United States Constitution.

9. The claims arise from a 2020 - present public record documents pursuant to 5 USC 552 that are needed to commence a probate action in Marion County

and also to validate information falsified on a death certificate by the defendants. Plaintiffs have requested this information from defendants from 2020 until present and they have refused to disclose the documents.

10. Plaintiffs seek monetary damages (special, compensatory and punitive) against the defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## FACTUAL ALLEGATIONS

11. Plaintiffs under state law have attempted since 2020 to obtain documents from defendant Frankie to provide to several probate attorneys of which she promised to disclose but failed to do so.

12. Defendants attempted to block the filing of the probate process by refusing to provide evidence of information placed on the death certificate filed for the deceased.

13. Evidence shows that defendants Franke Evans and Shawn Troy were lovers and had an affair at some point prior to the request of the public record documents required to commence the probate of the deceased.

14. The deceased, Wille Dean White Reaves, is the mother of Kathy and Frankie, and the grandmother of Emanuel, Jeremiah, and Stevana.

15. Kathy has attempted to probate the estate of the deceased who died intestate, and Frankie has intervened without jurisdiction to act.

16. Evidence further shows that Frankie turned the estate (marital property) into a rental unit, splitting the front of the house to Unit A and the back of the house to Unit B from 2016 until 2020, without authority or permission from probate, and without the knowledge and consent of the Plaintiffs who are heirs to the property.

17. Defendant Troy Funeral Home and Shawn Troy have a duty to validate information that is reported to the public health registries death certificates which is public record in accordance with 5 USC 552.

18. Evidence further shows that Frankie used this revenue from the rental estate property to flip houses in Guilford County, keeping all the proceeds and refusing to disclose the receipt of her earnings, reporting the estate to the IRS as a rental tax shelter on her income tax returns.

19. Evidence further shows that Frankie deposited in excess of $80,000.00 of the deceased retirement fund - namely ORBIT - from the NC Public Schools into her personal bank account, refusing to disclose the exact amount of the retirement, committing fraud and stealing from the estate and stealing from the other heirs of the estate as well.

20. Plaintiffs requested under 5 USC 552 evidence used to compile the information on a death certificate filed by the defendants to the Public

Health department showing the deceased as divorced, based on speculation, no evidence.

21. Plaintiffs state the refusal to comply with federal law pertaining to the disclosure of these documents has caused injury.

## DAMAGES

22. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights secured under the Fourteenth Amendment to the United States Constitution;

    b. Violation of Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Violation of their rights secured under 5 USC 552 Freedom of Information Act under the United States Constitution;

    d. Emotional distress, extreme inconvenience, and harassment.

## FIRST CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - FRAUD - ALL DEFENDANTS

23. Plaintiffs plead the first cause of action against defendants as fraud and/or making fraudulent statements on a death certificate in an attempt to block the probate process.

24. Defendants listed on the death certificate of the deceased as 'divorced' with no evidence to support this marital status which makes a difference in the probate of an estate.

25. Plaintiffs have been injured by defendants decision to block the filing of the probate process and are entitled to relief under this statute.

## SECOND CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - IIED -INTERFERENCE W/PROBATE JURISDICTION

26. Plaintiffs plead the second cause of action for which relief can be granted against the defendants is intentional infliction of emotional distress in that plaintiffs attempted to probate the estate of the deceased named above in 2020 and Frankie refused to disclose the documents for inspection.

27. Plaintiffs state they are attempting to probate the estate of the deceased in accordance with state law, however, the defendants refusal to comply with the request of SC Legal Services is causing duress and intentional infliction of emotional distress in an already stressful situation.

28. Plaintiffs state Frankie refuses to return any phone calls, emails, or letters sent to her on several occasions. However, she can be seen at homecoming events and other such public places, but refuses to acknowledge the request of SC Legal Services and the plaintiffs to move forward probate of the estate of the deceased named above.

29. Plaintiffs have endured frustration and harassment from Frankie, a retired North Carolina Public School Teacher and find no other choice but to petition this Court for violation of due process, intentional infliction of emotional duress and refusal to comply with federal law.

30. Plaintiffs have been injured as a result of this conduct by the defendants, and are entitled to relief under this statute.

### THIRD CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - CONSPIRACY ALL DEFENDANTS

31. Plaintiffs plead the third cause of action for which relief can be granted is conspiracy against all defendants, of which Frankie and Shawn Troy, the Funeral Director for Troy Funeral Home, were lovers and conspired to violate the plaintiffs rights in the manner described above.

32. For such a cause, plaintiffs were injured.

### FOURTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - NEGLIGENCE - TROY FUNERAL HOME

33. Troy Funeral Home is liable for damages suffered by plaintiffs as a result of the conduct of their employees in that after learning of their employee's violation of plaintiff's constitutional rights, they failed to remedy the wrong and conspired with the defendant Frankie Evans; they have created a policy or custom under which unconstitutional practices occurred and allowed such

policies or customs to continue, and they have been gross negligent in managing subordinates who caused the unlawful condition or event.

34. Not only that, but during the funeral service of the Plaintiff's loved one, the defendant Troy Funeral Home failed to include the plaintiffs in the service as it was going forth, started the service without any of the plaintiffs being properly seated or ushered into the church at Ebenezer AME during the service. They were grossly negligent, failed to include all persons in the obituary listed, and acted as though the money from the insurance policy provided by the loved one's employer belonged to them and they had a right to use it as they saw fit. Not only that, the limousine cars air conditioning was broken, not working, and they were old and raggedy, breaking down.

35. Troy Funeral Home failed to exercise a duty of care because under normal or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to the plaintiffs or those in the position similar to the plaintiffs as a result of this conduct.

36. Troy Funeral Home owed a duty of care to ensure that the information that was filed on said death certificates was true and accurate in accordance with federal law and in the interim, should have evidence and not speculation.

37. Upon information and belief, defendant Shawn Troy was incompetent and unfit for their position, and impacted by his former affair with Frankie during her marriage to Robert Evans.

38. Plaintiffs were injured as a result of the defendant's negligence.

## FIFTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - VIOLATION OF 5 USC 552 - ALL DEFENDANTS

39. Plaintiffs plead the fifth cause of action for which relief can granted is violation of the Freedom of Information Act pursuant to 5 USC 552 as defendants listed the deceased as married on the death certificate but failed to disclose evidence of such marital status and when requested a copy of the divorce decree of which was used as evidence by the defendants to list the marital status of the deceased they have refused. Not only that, plaintiffs were shocked in disbelief and unbeknownst to them that Frankie had listed their loved one as divorced on her death certificate without evidence.

40. Plaintiffs state this is a violation of federal law as the defendants listed the information on the death certificate in violation of federal law.

41. Plaintiffs have been injured and are entitled to relief under this statute.

## TRIAL BY JURY

42. Plaintiffs request trial by jury of these proceedings.

## MOTION TO PAY FILING FEE IN INSTALLMENTS

43. Plaintiffs have filed an IFP in this action but should the IFP be denied, plaintiffs would like the opportunity to pay the filing fee in installments.

## OPPORTUNITY TO AMEND

44. Plaintiffs request the opportunity to amend these proceedings.

**WHEREFORE,** Plaintiffs pray for relief as follows:

a. That this complaint be **ADOPTED** by this Court;

b. That defendants be taxed with the cost of this action;

c. That Plaintiffs be awarded a monetary judgment jointly and severally for each causes of action;

d. That a trial by jury of this action;

e. Any further relief deemed just and proper in this Court.

45. THIS the 1st day of November, 2024.

*[Signatures]*

Emanuel

Post Office Box 8806 Columbia, SC 29202-8806