IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, Emanuel Reaves, Jeremiah Reaves, Sr., and Stevana Roberts Reaves, | Case No.: 4:24-6322-JD-TER |
| Plaintiffs, | |
| vs. | **ORDER AND OPINION** |
| Troy's Funeral Home, Shawn Troy, and Frankie D. Evans, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 11), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Kathy Reaves, Emanuel Reaves, Jeremiah Reaves, Sr., and Stevana Roberts Reaves (collectively "Plaintiffs") pleadings.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

### A. Background[2]

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiffs allege, among other things, that they are relatives of the deceased Willie Dean White Reaves and that one of Defendants is the daughter of the deceased. (DE 1 at 2.) Plaintiffs allege "this is a civil rights action." (DE 1 at 5.) Plaintiffs allege they have tried to get documents from their relative Defendant to provide to probate attorneys. (DE 1 at 6.) Plaintiffs allege that a Defendant who is related to them stole money from the deceased's estate. (DE 1 at 7.) It appears by Plaintiffs' allegations that the deceased passed at least in 2016, if not before then. (DE 1.) The Complaint identifies the parties as:

> Plaintiff Kathy Reaves is the daughter of the deceased Willie Dean White Reaves.
>
> Plaintiff Emanuel Reaves is the grandson of the deceased Willie Dean White Reaves

---

[2] Plaintiffs also moved to amend their Complaint and seek to disqualify Judge Terry L. Wooten, Senior United States District Judge, and United States Magistrate Judge Thomas E. Rogers, III, asserting bias because "they have dismissed every case she [has] filed for relief in her attempt to dispute inaccuracies in her credit report in 2021 . . . ." (DE 14.) Although the proposed amendment alleges, among other things, more facts, the proposed amendment does not address or clarify the jurisdictional deficiencies identified in the Report.

As for Plaintiffs' motion to disqualify Judge Wooten, he is not assigned to this case. As for Judge Rogers, 28 U.S.C. section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Putting aside whether Plaintiffs have met the requirements of the statute for disqualification, given the court lacks subject matter jurisdiction, this matter cannot proceed further.

> Plaintiff Stevana Roberts Reaves is the granddaughter of the deceased Willie Dean White Reaves
>
> Defendant Troy Funeral Home is the funeral director who handled the arrangements for Willie Dean White Reaves.
>
> Defendant Shawn Troy is the Funeral Director.
>
> Defendant Frankie D. Evans is the daughter of the deceased Willie Dean White Reaves and former lover of Shawn Troy, Funeral Director. Evans is a resident of the Western District of North Carolina, Charlotte, North Carolina.

(DE 1 at 2.)[3] Plaintiffs allege this action arises both in federal question jurisdiction and diversity jurisdiction. (DE 1 at 2.) Plaintiffs allege causes of action for fraud, intentional infliction of emotional distress, conspiracy, negligence, and "violation of 5 U.S.C. § 552." (DE 1.)

### B. Report and Recommendation

On November 12, 2024, the Magistrate Judge issued the Report recommending that Plaintiffs' Complaint be dismissed without prejudice and without issuance and service of process. (DE 11.) The Report found that

> [t]his Court has no diversity jurisdiction over this case because Plaintiffs are alleged to be residents of South Carolina and public records of the South Carolina Secretary of State show at least one Defendant is domiciled in South Carolina. Thus, no subject matter jurisdiction exists based upon diversity jurisdiction under § 1332.

(DE 11 at 3.) As for federal question jurisdiction, the Report found:

> Defendants are not state actors and are not subject to a § 1983 civil rights action. (ECF No. 1 at 2); *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs also allege federal question jurisdiction arises under 5 U.S.C. § 552. (ECF No. 1 at 2). Section 552 only provides a cause of action against a federal government agency. *See Jones v. U.S. Dep't of Just.*, No. 0:09-cv-2802-RBH-PJG, 2011 WL 704510, at *1 (D.S.C. Jan. 24,

---

[3] Plaintiffs proposed amendment seeks to add Jacquelyn C. Smith who is purportedly "the daughter of the deceased sharing a residence between North Carolina and Georgia." (DE 14-1.)

2011), *report and recommendation adopted sub nom.*, 2011 WL 703625 (D.S.C. Feb. 22, 2011). There is no agency or proper defendant here to garner federal question subject matter jurisdiction under § 552.

(*Id.* at 3-4.) Plaintiffs have not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiffs have not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 11) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiffs' Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

January 24, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.